**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> LIST SERVICES DIRECT, INC., <br><br> *Defendant.* | Civil Action No. 15-3271 <br><br> **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on an appeal from Magistrate Judge Mark Falk's ruling compelling Plaintiff to disclose source information for its database. Judge Falk granted Defendant List Services Direct, Inc.'s ("Defendant" or "LSDI") informal motion to compel during a hearing held on April 20, 2018 ("Hearing (2018)"), D.E. 124-2.[1] Plaintiff Experian Information Solutions, Inc. ("Plaintiff" or "Experian") then filed the current appeal. D.E. 124. Defendant filed a brief in opposition, D.E. 130, to which Plaintiff replied, D.E. 132.[2] The Court reviewed all submissions and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's appeal is **DENIED**.

---

[1] A transcript of the April 20, 2018 hearing can be found at D.E. 124-2, pg. 291-313.

[2] Plaintiff's brief in support (D.E. 124) of its appeal will be referred to as "Pl. Brf." Defendant's brief in opposition (D.E. 130) will be referred to as "Def. Opp." Plaintiff's reply (D.E. 132) in will be referred to as "Pl. Rep."

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a copyright infringement dispute. Plaintiff Experian provides "marketing services to direct marketers using information derived from its proprietary database made of consumer information known as the ConsumerView Database." Complaint ("Compl.") ¶¶ 3-4; D.E. 1. Defendant LSDI also "sells or licenses consumer information to other companies for marketing purposes." *Id.* ¶¶ 5, 32.

In 2013, Experian filed a complaint in the United States District Court for the District of Arizona against Nationwide Marketing Services, Inc. (d/b/a "Natimark") for copyright infringement, asserting that Natimark had copied and sold consumer data from Experian's database ("CVD"). *See Experian Info. Sols., Inc. v. Nationwide Mktg. Servs., Inc.*, No. CV-13-00618, 2016 WL 11414803, at *2 (D. Ariz. Sept. 30, 2016) (history omitted). The Arizona district judge granted Natimark summary judgment on Experian's claim for misappropriation of a trade secret. *Id.* at *10. Experian appealed.

Experian filed this matter against LSDI on May 11, 2015. D.E. 1. Experian brought suit after learning that LSDI was the source from which Natimark received the allegedly misappropriated consumer information. Compl. ¶ 32. The central dispute here is whether LSDI committed copyright infringement and trade secret misappropriation when it allegedly copied and sold part of Experian's database to other marketers, including Natimark.

On February 27, 2018, Judge Falk ordered that LSDI could submit an informal letter brief requesting to compel outstanding discovery and that, after full briefing, there would be hearing to resolve any discovery disputes. D.E. 119. On April 20, 2018, Judge Falk held a hearing on outstanding discovery disputes. As noted, Judge Falk granted Defendant's motion to compel. Hearing (2018) at 20:16-17; D.E. 123-2.

2

Before addressing Judge Falk's reasons for granting LSDI's request, the Court notes that on June 27, 2018, the Ninth Circuit addressed Experian's appeal from the Arizona decision in *Experian Information Solutions, Inc. v. Nationwide Marketing Services, Inc.*, 893 F.3d 1176, 1179 (9th Cir. 2018). The Ninth Circuit's decision was several months after Judge Falk's decision. The Ninth Circuit disagreed with the district court, finding that compilations of names and addresses are copyrightable. *Id.* at 1186. Nevertheless, the Circuit affirmed the district court's grant of summary judgment on the copyright infringement claim because Experian had not shown that Natimark infringed on the copied material. *Id.* However, the Circuit reversed and remanded on the trade secret claim, finding that triable issues of fact existed as to Natimark's knowledge of misappropriation. *Id.* at 1189-90. Both parties submitted letters to the Court representing that the Ninth Circuit's decision supported their positions. D.E. 140, 141.

Turning to this appeal, Judge Falk noted that he had "twice before" informally directed Experian to produce the information LSDI sought to compel. Hearing (2018) at 14:22-23. Judge Falk summarized the relevant discovery as Experian identifying, by name, source information for the CVD and Experian disclosing "the percentage of the name and address pairs in the CVD which were at any time provided to Experian by such source." *Id.* at 14:16-20.

In granting LSDI's motion, Judge Falk delineated several reasons in support. Judge Falk first ruled that "a deadline in the scheduling order for raising discovery disputes is not a bar." *Id.* at 16:24-25. He explained that courts possess broad discretion over discovery, including managing the timeliness of discovery, and that parties should not be penalized for first trying to resolve discovery disputes without court intervention. *Id.* at 17:1-13 (citing *Kane v. Manufacturers Life Ins. Co.*, No. CV084581, 2011 WL 13238408, at *1 (D.N.J. Aug. 2, 2011); *Blackboard, Inc. v. Desire2Learn, Inc.*, No. 9:06-CV-00155, 2007 WL 3389968, at *1 (E.D. Tex. Nov. 14, 2007)).

3

Further, Judge Falk found that both parties had continued discovery beyond the scheduling deadlines, and that given the history of the case, it was not unreasonable for LSDI to raise outstanding discovery disputes at this time. *Id.* at 17:14-21.

Judge Falk next found that Experian's confidentiality concerns were not a valid reason to withhold discovery. *Id.* at 17:23-25. While acknowledging the importance of confidentiality, Judge Falk noted that the point of a discovery confidentiality order is to allow for litigation to proceed even when sensitive information is at issue. *Id.* at 18:8-13. Judge Falk assured Experian that if he found "a deliberate, flagrant violation of such an order, [he] would use the full power of the Court to remedy [the violation]." *Id.* at 18:13-15. Judge Falk added that Plaintiff had put the discovery at issue. He stated, "when plaintiff initiated litigation claiming that defendant's database was essentially stolen from its own database . . . there had to be an expectation that this issue would be explored in discovery." *Id.* at 18:16-20.

Judge Falk also found that the sought discovery was relevant. *Id.* at 19:5. Judge Falk noted that Federal Rule of Civil Procedure 26(b)(1) allows for "discovery regarding any nonprivileged matters that is relevant to the parties' claim or defenses and proportional to the needs of the case." *Id.* at 19:6-8. Given that Experian based its allegations that LSDI improperly obtained data from the CVD on the high match rate between Experian's and LSDI's databases, Judge Falk reasoned that LSDI was entitled to challenge that allegation. Judge Falk added that LSDI was entitled, within reason, to choose how it defended itself. *Id.* at 19:9-21. Judge Falk concluded that conducting discovery on whether the parties used common sources was reasonable and within the scope of Rule 26. *Id.* at 19:24-25.

Finally, Judge Falk found no basis for allowing Experian to only disclose the most recent sources of CVD's information. Judge Falk reasoned that "LSDI seeks information from Experian

4

sufficient to allows LSDI to determine the number of names in Experian's CVD, that each source provided to Experian, not merely the most recent source of the information." *Id.* at 20: 2-5. After explaining why only disclosing the most recent source would not reach "the big picture," Judge Falk denied Experian's requested disclosure restriction. *Id.* at 20: 5-15.

## II. LEGAL STANDARD

A magistrate judge may hear and determine any non-dispositive pretrial matter pursuant to 28 U.S.C. § 636(b)(1)(A). A district court may only reverse a magistrate's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotation omitted)). Under this standard, a district court "will not reverse the magistrate judge's determination even if the court might have decided the matter differently." *Bowen v. Parking Auth. of City of Camden*, No. 00-5765, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002). The district court will, however, "conduct a *de novo* review of a magistrate judge's legal conclusions." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998). "Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied." *Miller v. P.G. Lewis & Assocs., Inc.*, No. 05-5641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006). An abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable

[person] would take the view adopted by the trial court." *Ebert v. Twp. of Hamilton*, No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016).

### III. LEGAL ANALYSIS

Plaintiff argues the Judge Falk's order granting Defendant's motion to compel was untimely because Defendant's motion was filed four months after the deadline for discovery disputes. *Id.* In support, Plaintiff cites to several authorities, including *Santiago v. New York & New Jersey Port Authority*, No. 2:11-CV-04254 WJM, 2015 WL 1107344, at *2 (D.N.J. Mar. 11, 2015). Plaintiff also asserts that Judge Falk's granting of Defendant's motion is unfairly prejudicial because discovery is now closed and, therefore, Plaintiff cannot "conduct its own inquiry into the validity of LSDI's new defense." Pl. Brf. at 7. Finally, Plaintiff argues that the information sought is not relevant or proportionate to the needs of the case and, therefore, not within the bounds of Rule 26(b)(1). *Id.* at 9

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

It is well settled that "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). That discretion extends to the "timing and sequence of discovery." *Id.* A court's discovery rulings will only be overturned upon a showing of an abuse of discretion. *Summy-Long v.*

*Pennsylvania State Univ.*, 715 F. App'x 179, 184 (3d Cir. 2017); *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987).

During the 2018 Hearing, Judge Falk provided numerous convincing reasons for why he was granting Defendant's motion to compel. He explained that the law provides courts with broad discretion on how to manage various aspects of discovery, including the timeliness of discovery requests. Hearing (2018) at 17:1-13 (citing *Kane v. Manufacturers Life Ins. Co.*, No. CV084581, 2011 WL 13238408, at *1 (D.N.J. Aug. 2, 2011)). He also noted that confidentiality concerns were not a valid reason to deny a discovery request and explained the safety mechanisms in place to ensure that confidentiality is maintained throughout the litigation process. Hearing (2018) at 17:23-25. Judge Falk then held that Plaintiff's allegations against Defendant had put the matter of the discovery dispute at issue, *Id.* at 18:16-20, and, therefore, the discovery Defendant sought to compel was relevant to LSDI's ability to defend itself. *Id.* at 19:6-8.

Plaintiff's arguments on appeal are unconvincing. Plaintiff loses sight of its burden to appeal a magistrate judge's ruling on a discovery matter in an attempt to re-argue its original opposition to Defendant's motion to compel. Plaintiff needs to demonstrate that Judge Falk's order was "arbitrary, fanciful or unreasonable." *Ebert*, 2016 WL 6778217, at *2. It has not done so.

The cases Plaintiff cites do not require a different result. For example, Plaintiff relies on *Santiago*, 2015 WL 1107344, at *2, for the proposition that "LSDI's protracted tardiness alone mandates denial of its motion." Pl. Brf. at 5. In *Santiago*, Judge Martini denied an appeal from a ruling by Judge Falk, in which he held that a party had not shown good cause to extend discovery. 2015 WL 1107344, at *4. Judge Martini reasoned that "Federal Rule of Civil Procedure 16 vests a court with broad discretion to control and manage discovery." *Id.* at *2. Judge Martini found

that Judge Falk's ruling was neither clearly erroneous or contrary to law. *Id.* Thus, *Santiago* does not stand for a "mandate" that all untimely discovery requests must be denied. To the contrary, the case highlights the *discretion* a magistrate judge possesses to conduct discovery as he deems appropriate based on the particular case, facts, and circumstances pending before him.

Therefore, the Court finds that Judge Falk's granting of Defendant's informal motion to compel was not an abuse of discretion. Judge Falk had twice before informally ordered Plaintiff to produce the CVD's source information. After Plaintiff failed to produce the discovery and Defendant protested, Judge Falk allowed the parties to brief the matter and appear for oral argument. The transcript of the 2018 Hearing shows that Judge Falk carefully considered the parties' arguments before ruling. Further, the transcript illustrates that Judge Falk had several clear and valid reasons for granting Defendant's motion to compel. Judge Falk was best positioned to decide this motion as the magistrate handling discovery since February 2016. *See* D.E. 36. Judge Falk's decision was far from an abuse of discretion. Plaintiff's appeal is denied.

### IV. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 21st day of August, 2018,

**ORDERED** that Plaintiff's appeal (D.E. 124) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to stay (D.E. 125) pending this appeal is **MOOT**.

John Michael Vazquez, U.S.D.J.